Case 4:24-cv-02422   Document 28   Filed on 06/09/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER RICHARDS       §<br>    *Plaintiff*,           §<br>                            §<br>v.                          §   CIVIL ACTION NO. 4:24-CV-02422<br>                            §<br>EXXON MOBIL CORPORATION,    §<br>DANNY LONG, AND AARON PINA, §<br>    *Defendant*.            § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Exxon Mobil Corporation's Motion to Dismiss.[1] ECF 19. After considering the parties' arguments, the pleadings, and the applicable law, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and that all of Plaintiff's claims except his § 1981 race discrimination claim be DISMISSED.

## I.    Factual and Procedural Background.

Plaintiff Christopher Richards, proceeding pro se, filed his Original Complaint on April 29, 2024, in the United States District Court for the Northern District of West Virginia. ECF 1.[2] Plaintiff's Complaint alleges he is a Middle

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 20.

[2] The caption in Plaintiff's Complaint incorrectly identifies the judicial district as the Southern District of West Virginia. The Clerk's stamp correctly identifies the correct judicial district as the United States District Court for the Northern District of West Virginia, Clarksburg Division. ECF 1.

Eastern man who worked for Exxon Mobil Corporation ("Exxon") since 2008. *Id.* at ¶¶ 9–10. Plaintiff is a climate activist and founder of a climate-focused nonprofit organization. *Id.* at ¶ 12. After expressing his opinion about climate issues, Defendant Danny Long, an Exxon employee, verbally harassed and insulted Plaintiff with racial slurs. *Id.* at ¶ 15. Further, Plaintiff alleges that Exxon employees would commonly use racial slurs directed at African Americans, although there were no black employees who worked with Plaintiff. *Id.* at ¶ 16. Plaintiff claims that after he reported this conduct to his supervisor, Defendant Aaron Pina, Mr. Long's verbal abuse and violent outbursts increased, but Mr. Pina took no action. *Id.* at ¶¶ 18, 22. Plaintiff believes that his complaints about Mr. Long resulted in increased verbal abuse. *Id.* at ¶ 19. In the Spring of 2022, Plaintiff got into an accident while driving a company vehicle. *Id.* at ¶¶ 24–25. Plaintiff reported the accident to Mr. Pina, who ordered Plaintiff to report the accident as a hit and run and continue to the job site. *Id.* at ¶ 27. In June 2022, Exxon terminated Plaintiff's employment. *Id.* at ¶ 28. At the time of his termination, Plaintiff was six months shy of retirement with a full pension. *Id.* at ¶ 29.

On May 18, 2023, Plaintiff dual-filed a Charge of Discrimination with the EEOC and the Pennsylvania Human Rights Commission. ECF 19-1. Plaintiff's EEOC charge alleged only age discrimination by Exxon. *Id.*; ECF 1 at ¶ 30. The EEOC issued Plaintiff a Right to Sue letter on June 28, 2023. ECF 19-2. The EEOC

letter stated that "**your lawsuit must be filed WITHIN 90 days of your receipt of this notice** …Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." *Id.* (emphasis in original).

Plaintiff's Complaint alleges five causes of action pursuant to Title VII, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and the West Virginia Human Rights Commission ("WVHRC"). ECF 1. The Complaint seeks compensatory and punitive damages from Defendants for retaliation, age discrimination, race discrimination, hostile work environment, violations of the WVHRC, and intentional infliction of emotional distress. *Id.*

On April 29, 2024, Judge Michael Aloi transferred this case to the United to the Southern District of Texas pursuant to 28 U.S.C. § 1406. ECF 5. On October 1, 2024, Exxon filed a Motion to Dismiss (ECF 19), seeking dismissal of all claims except Plaintiff's § 1981 race discrimination claim. Plaintiff filed a Response (ECF 23-1), to which Exxon replied (ECF 23).[3]

## II.   Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[3] Plaintiff did not file his Response to Exxon's Motion to Dismiss with the Court. Instead, Plaintiff emailed his Response to Exxon's counsel. ECF 23-1. Exxon attached Plaintiff's Response (ECF 23-1) to its Reply (ECF 23).

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, a court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. FED. R. CIV. P. 12(d). "A district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *George v. SI Group, Incorporated*, 36 F.4th 611, 619 (5th Cir. 2022). Going beyond the pleadings is otherwise error. *Id.*

### III. Analysis.

Exxon moves for partial dismissal under Rule 12(b)(6) for all claims except Plaintiff's § 1981 race discrimination claim. First, Exxon argues that Plaintiff has failed to exhaust his administrative remedies for his Title VII claims. Second, Exxon argues that Plaintiff's ADEA claim is time barred because Plaintiff did not file suit within ninety days of receiving his right to sue letter from the EEOC. Third, Exxon argues that Plaintiff has failed to exhaust his administrative remedies for his WVHRC claims. Fourth, Exxon argues that Plaintiff has failed to plausibly allege a claim for intentional infliction of emotional distress. Plaintiff seeks dismissal with prejudice with respect to Plaintiff's Title VII, ADEA, and WVHRC claims.

Exxon attached Plaintiff's EEOC charge (ECF 19-1) and the subsequent right to sue letter (ECF 19-2) to its Motion. The Court may consider Exxon's attachments in ruling on the 12(b)(6) motion because the attachments are mentioned in Plaintiff's Complaint and central to his claims. *George*, 36 F.4th at 619. Similarly, Plaintiff's Response (ECF 23-1) relies on extrinsic evidence to support his argument.[4] For the same reasons, however, the Court may not consider Plaintiff's extrinsic evidence in deciding a 12(b)(6) motion because Plaintiff's attachments require the Court to go beyond the pleadings and no exception applies. *George*, 36 F.4th at 619.

---

[4] Plaintiff attached to his Response an employee award he received from a previous employer, Bayer, a weather report, and text messages from what appear to be former co-workers. ECF 23-1 at 17–19.

5

**A. Plaintiff failed to exhaust his administrative remedies for his Title VII claims.**

Exxon argues that Plaintiff's Title VII claims must be dismissed because he has not exhausted his administrative remedies as to those claims. A plaintiff is required to exhaust his administrative remedies before pursuing Title VII claims in federal court. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)). A plaintiff exhausts his administrative remedies by filing a charge with the EEOC and receiving a right to sue letter. *Taylor*, 296 F.3d at 379. Title VII claims are limited to those claims like or related to allegations contained in the charge and growing out of such allegations. *Stingley v. Watson Quality Ford, Jackson, MS*, 836 F. App'x 286, 291 (5th Cir. 2020) (citing *McClain v. Lufkin, Indus., Inc.*, 519 F.3d 264, 272-73 (5th Cir. 2008)). Under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Davis*, 139 S. Ct. at 1846.

Plaintiff only alleged age discrimination in his EEOC letter, filed on May 18, 2023. ECF 19-1 at 2. Specifically, Plaintiff alleged "I believe I was discharged based on my age, in violation of the Age Discrimination in Employment Act of 1967, as amended." *Id.* Plaintiff makes no other allegations in his EEOC letter. Because Plaintiff has not filed a charge with the EEOC with respect to his Title VII claims he has not exhausted his administrative remedies for any of his Title VII claims. *See*

6

*Scott-Benson v. KBR, Inc.*, 826 F. App'x 364, 367 (5th Cir. 2020) (upholding district court dismissal for hostile work environment claim because the plaintiff failed to allege it in his EEOC charge); *See also Castro v. Texas Dep't of Crim. Just.*, 541 F. App'x 374, 379 (5th Cir. 2013) ("As Castro never even presented claims based on race or sex to the EEOC, he could not have exhausted them."); *Anderson v. Sikorsky Support Servs., Inc.*, 66 F. Supp. 3d 863, 871 (S.D. Tex. 2014) ("Plaintiff's hostile work environment claim fails as a matter of law because he did not identify such a claim before the EEOC and is thus precluded from raising it now."). Additionally, more than 300 days has passed since Plaintiff's June 2022 termination (ECF 1 at ¶ 28) and therefore amendment would be futile. Thus, Plaintiff's Title VII claims against Exxon should be dismissed with prejudice.[5] *Davis*, 139 S. Ct. at 1846.

### B. Plaintiff's ADEA claim is time barred.

Exxon argues that Plaintiff's ADEA claim is time barred. Under the ADEA, a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC. *January v. Texas Dep't of Crim. Just.*, 760 F. App'x 296, 299 (5th Cir. 2019) (citing cases). The requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *Taylor*, 296 F.3d at 379.

---

[5] Plaintiff's Complaint makes a passing reference to his "right to free exercise of his constitutional rights without being a victim of retaliation." ECF 1 at ¶ 33. To the extent Plaintiff is making a First Amendment free speech claim, Plaintiff has not alleged Exxon's conduct amounted to state-action. Thus, Plaintiff's constitutional argument fails. *See Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019) ("The Free Speech Clause does not prohibit *private* abridgment of speech.") (emphasis in original).

When the date of receipt is unknown, the Fifth Circuit presumes the plaintiff received the letter on or before the seventh day after the letter was mailed. *January*, 760 F. App'x at 299–300. "Courts within [the Fifth] Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Smith v. Texas Children's Hosp.*, No. 4:22-CV-04250, 2024 WL 3489207, at *2 (S.D. Tex. July 19, 2024), report and recommendation adopted sub nom. *Smith v. Texas Children's Hosp., Inc.*, No. 4:22-CV-04250, 2024 WL 3744387 (S.D. Tex. Aug. 8, 2024).

The EEOC issued a right to sue letter dated June 28, 2023. ECF 19-2 at 2. Neither Plaintiff's Complaint nor his response make clear when he received the right to sue letter. However, Plaintiff admits he received the letter. ECF 1 at ¶ 31. Thus, the Court will presume Plaintiff's ninety-day clock to sue began on July 5, 2023, seven days after the EEOC issued the letter. *January*, 760 F. App'x at 299–300. Plaintiff filed his Original Complaint on April 29, 2024, nearly seven months past the ninety-day deadline. ECF 1. Accordingly, Plaintiff's ADEA claim is time barred. Thus, Plaintiff's ADEA claim against Exxon should be dismissed with prejudice.

### C. Plaintiff failed to exhaust his administrative remedies for his West Virginia state law claims.

Exxon argues that Plaintiff did not exhaust his administrative remedies for his West Virginia state law claims. A plaintiff must file his WVHRC complaint within

8

365 days of the alleged discrimination. W. VA. CODE ANN. § 16B-17-10; *Woodrum v. Thomas Mem'l Hosp. Found. Inc.*, 45 F. Supp. 2d 538, 540 (S.D.W. Va. 1999). In cases alleging a discriminatory discharge from employment, "the time period for filing a WVHRC complaint ordinarily begins to run on the date when the employer unequivocally notifies the employee of the termination decision. *Woodrum*, 45 F. supp. 2d at 540. Further, "a claimant must file a claim under the WVHRC before filing a Charge of Discrimination with the EEOC." *Johnson v. W. Virginia Div. of Rehab. Servs.*, No. CV 3:17-3656, 2018 WL 1997756, at *3 (S.D. W.Va. Apr. 27, 2018).

Plaintiff did not, and has not, filed a complaint with the WVHRC. Rather, Plaintiff dual filed a charge of discrimination with the Pennsylvania Human Rights Commission and the EEOC. ECF 19-1 at 2. Exxon terminated Plaintiff in June 2022. ECF 1 at ¶ 28. More than 365 days has passed since Plaintiff was unequivocally notified of his termination. *Woodrum*, 45 F. Supp. 2d at 540. Additionally, Plaintiff has not alleged he filed a complaint with the WVHRC prior to filing his charge with the EEOC. Plaintiff has neither timely filed a complaint with the WVHRC nor exhausted his administrative remedies under West Virginia law. Plaintiff's claims under the WVHRC should be dismissed with prejudice.

### D. Plaintiff does not allege a plausible claim for intentional infliction of emotional distress.

Exxon argues that Plaintiff has not stated a plausible claim for intentional infliction of emotional distress ("IIED"). Specifically, Exxon argues that Plaintiff has not pled facts to support a claim that its conduct was extreme and outrageous under West Virginia law.[6]

To recover for IIED in West Virginia, a plaintiff must show:

> (1) [T]hat the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Ballock v. Costlow*, 430 F. Supp. 3d 146, 162 (N.D. W. Va. 2019). "Whether conduct may reasonably be considered outrageous is a legal question." *Id.* Notably, "[i]t is difficult to overstate the high burden of proof required to sustain a tort claim for intentional infliction of emotional distress." *Pegg v. Herrnberger*, 845 F.3d 112, 122 (4th Cir. 2017). "[L]iability clearly does not extend to mere insults, indignities,

---

[6] The analysis is the same under Texas law as Texas employs a nearly identical standard to IIED claims. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). Further, courts applying Texas law have found racial slurs directed at coworkers do not rise to level of extreme and outrageous conduct. *See Ugalde v. W.A. McKenzie Asphalt Co.,* 990 F.2d 239, 243 (5th Cir. 1993) (a supervisor's reference to the plaintiff as a "Mexican" and a "wetback" did not support a claim for IIED); *See also McCray v. DPC, Indus., Inc.,* 875 F. Supp. 384, 391 (E.D. Tex.1995) (claim that co-workers made racial slurs did not rise to the level of extreme and outrageous conduct necessary to support a claim for IIED).

threats, annoyances, petty oppressions, or other trivialities." *Penn v. Citizens Telecom Servs. Co., LLC*, 999 F. Supp. 2d 888, 905 (S.D. W. Va. 2014). For liability to attach, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. This is a high standard to meet. *Id*.

Plaintiff's Complaint alleges that Mr. Long verbally harassed, yelled at, intimidated, and insulted him with unidentified racial slurs. ECF 1 at ¶¶ 13, 18. Further, Plaintiff alleges that Exxon employees in his department used racial slurs directed act African Americans. *Id*. at ¶ 16. Plaintiff also claims that he developed a physical illness as a result of the verbal abuse. *Id*. at ¶ 20. Plaintiff's vague allegations do not support a claim for IIED. *See Holley v. W. Virginia Div. of Corr. & Rehab.*, No. 2:23-CV-00652, 2024 WL 390085, at *7 (S.D. W. Va. Jan. 31, 2024) ("Plaintiff's vague allegations of Thompson's general acts or omissions are not sufficiently extreme and outrageous to support a claim against him."). Moreover, as noted in *Pegg*, "the facts of this case are markedly milder that the kind of conduct courts applying West Virginia law have found necessary to support an [IIED] claim." *Pegg*, 845 F.3d at 122 (citing *Heldreth v. Marrs*, 425 S.E.2d 157, 161–62 (1992) (allowing an outrage claim to proceed after a husband suffered a heart attack after witnessing wife get struck by a car and die), and *Hutchinson v. W. Virginia*

11

*State Police*, 731 F. Supp. 2d 521, 531, 549–50 (S.D. W. Va. 2010) (cognizable claim for outrage for a female suspect who was pulled from the shower by the hair during the execution of a search warrant and forced to lie down naked for at least 45 minutes in the presence of eleven male law enforcement officers, one of whom slapped her behind) *aff'd sub nom. Hutchinson v. Lemmon*, 436 Fed. App'x 210 (4th Cir. 2011)). Plaintiff's claim for IIED should be dismissed without prejudice with leave to amend.

Plaintiff's Title VII, ADEA, and WVHRC claims are incurable by amendment and should be dismissed with prejudice. However, Plaintiff may amend his IIED claim if he presents facts that plausibly allege that Exxon engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Penn*, 999 F. Supp. 2d at 905.

### IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant Exxon Mobil Corporation's Motion to Dismiss (ECF 19) be GRANTED and that all of Plaintiff's claims except his § 1981 race discrimination claim be DISMISSED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 09, 2025, at Houston, Texas.

                                                              Christina A. Bryan
                                                United States Magistrate Judge