United States District Court
Southern District of Texas
**ENTERED**
July 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RICHARDS, | § § | CIVIL ACTION NO 4:24-cv-02422 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| EXXON MOBIL | § | |
| CORPORATION*, et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Christopher Richards proceeds here *pro se*. He filed a complaint against Defendants Exxon Mobil Corporation, Danny Long, and Aaron Pina for violations of Title VII of 42 USC §1981, the Age Discrimination in Employment Act, and unlawful discriminatory practices under the West Virginia Human Rights Act (§5-11-9 of the West Virginia Code). Dkt 1 at ¶¶43–81. He also stated claims for retaliation and intentional infliction of emotional distress under West Virginia law. Id at ¶¶32–42, 82–91. The complaint seeks compensatory and punitive damages. Id at 10.

Defendants filed a motion to dismiss seeking dismissal of all claims except that proceeding under §1981 for race discrimination. Dkt 19. Plaintiff filed no response. However, he sent an email purporting to be his response to defense counsel. Dkt 23-1. Defendants then attached it with their reply. Dkt 23.

The matter was referred for disposition to Magistrate Judge Christina Bryan. Dkt 3. She issued a Memorandum and Recommendation on June 9, 2025, in which she

recommended that the motion to dismiss to granted. Dkt 28.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

No objection was filed. And indeed, it's notable that the purported response by Plaintiff includes only factual narrative going far beyond the pleadings, rather than any responsive legal argument. See Dkt 23-1.

No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

To the extent that the claim for retaliation could be construed as generally relating to purported exercise of First Amendment rights (given that the allegations concern Plaintiff's act of "voicing his opinions about climate issues," Dkt 1 at ¶34), Defendants are correct that the complaint contains no allegation that they are a public employer or any nexus between to state action. See Dkt 19 at 15.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 28.

The motion to dismiss by Defendants Exxon Mobile Corporation, Danny Long, and Aaron Pina is GRANTED. Dkt 19.

The claims asserted by Plaintiff Christopher Richards for violations of Title VII, the Age Discrimination in Employment Act, and the West Virginia Human Rights Act, including as to allegations of retaliation with respect

to any of those statutes, are DISMISSED WITH PREJUDICE. See Dkt 28 at 12.

The claim for intentional infliction of emotional distress is DISMISSED WITHOUT PREJUDICE to an attempt at repleading. See ibid. If repleading of that claim isn't attempted within thirty days of entry of this Order, that claim, too, is DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on July 3, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge